This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.                                                        **NO. A-1-CA-36179**

**CHARLES NORIEGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Paul V. Sanchez
El Prado, NM

for Appellee

Charles Noriega
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant Charles Noriega appeals in a self-represented capacity from the district court's judgment and sentence and order of remand following Defendant's de

novo appeal from municipal court to district court. On appeal, Defendant contends that the municipal court and district court erred in not providing Defendant counsel and the courts exercised judicial bias against him. This Court issued a notice of proposed disposition addressing these issues and proposing to affirm. Defendant has filed an informal memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}    In this Court's notice of proposed disposition, we noted that in order for error to be reversible that error must be prejudicial. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). We further noted that Defendant did not appear to have met his burden of demonstrating prejudice on appeal. [CN 3] In his memorandum in opposition, Defendant does not inform this Court how not having counsel during the initial hearings, where the only charge that carried the possibility of imprisonment was dismissed prior to trial, prejudiced him. As a result, we conclude Defendant has not demonstrated error.

{3}    Moreover, on the issue of judicial bias, Defendant provides no argument to counter this Court's notice of proposed disposition, relying solely on conclusory statements. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier

2

arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As a result, we conclude that Defendant has not met his burden on appeal.

**{4}** Accordingly, we affirm.

**{5}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**EMIL J. KIEHNE, Judge**